USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/26/2013

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
CAPSTONE EQUITY LLC,                :
                                    :
                       Plaintiff,   :   12 Civ. 4214(KPF)(HBP)
           v.                       :
                                    :   ORDER ADOPTING REPORT
CPS GROUP INC., a New York          :     AND RECOMMENDATION
Corporation doing business as       :
"CYNERGY DATA," et al.,             :
                                    :
                       Defendants.  :
                                    :
------------------------------------X
```

KATHERINE POLK FAILLA, District Judge:

　　Pending before the Court is the Report and Recommendation of the Honorable Henry Pitman, United States Magistrate Judge, dated June 26, 2013 (the "Report") (Dkt. #26). In the Report, Judge Pitman recommends that this action be dismissed for failure to prosecute. For the reasons set forth below, the Court adopts the Report in its entirety.

I.　**Procedural Background**

　　On May 25, 2012, Plaintiff filed the instant action, alleging claims for breach of contract, fraud, and declaratory relief. (Dkt. #1). This case was subsequently referred to Judge Pitman for general pretrial purposes on August 23, 2012. (Dkt. #7).

　　On April 2, 2013, Judge Pitman granted the application of Plaintiff's former counsel to withdraw from the case, which

application was predicated on the fact that counsel was not being paid. (Dkt. #20). In the endorsement granting counsel's application, Judge Pitman instructed Plaintiff that because it is a Limited Liability Company ("LLC"), it could not proceed pro se, but rather had to retain new counsel in order to prosecute the case. (Id.). Judge Pitman also warned Plaintiff, on two occasions, that if it failed to retain new counsel, a report and recommendation would be issued recommending that the case be dismissed for failure to prosecute. (Id.; Dkt. #23 (granting Plaintiff's request for an extension of time within which to retain new counsel until June 19, 2013, but noting that no further extensions would be granted)).

   Due to Plaintiff's failure to retain counsel by June 19, 2013, as Judge Pitman had ordered, on June 26, 2013, Judge Pitman issued the Report recommending that the Complaint be dismissed for failure to prosecute. (Dkt. # 26). The Report directed the parties to file any written objections to the Report with the Court within 14 days of receiving the Report, and advised the parties that failure to object within 14 days would result in a waiver of objections and would preclude appellate review. (Id.). The Report further informed the parties that they could request an extension of time to file objections with the Court. (Id.).

Objections to the Report were due by July 13, 2013. Fed. R. Civ. P. 26(c). As of the date of this Order, no objections have been filed, and no applications for an extension of time to object have been received.

## II. The Standard of Review

When a district court assesses the report and recommendation of a magistrate judge, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo any portions of a magistrate judge's report and recommendation to which a party submits a timely objection. Id. Where no timely objection is submitted, or where an objection is conclusory or unresponsive to the report and recommendation, the court need only review for clear error. Brown v. Time Warner Cable, Inc., No. 10 Civ. 8469, 2012 WL 5878751 (AJN)(RLE), at *1 (S.D.N.Y. Nov. 21, 2012); see also Gomez v. Brown, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009); Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163 (S.D.N.Y. 2003).

A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver both of the party's right to object to the report and recommendation or to obtain appellate review. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

3

With specific respect to reports and recommendations on dispositive matters involving pro se litigants, notice is sufficient if it informs the litigant that the failure to object in a timely manner will result in the waiver of further judicial review and cites pertinent statutes and civil rules. See Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**III. Analysis**

Judge Pitman specifically advised the parties that they had 14 days from receipt of the Report to file any objections, and further warned that failure to timely file such objections would result in a waiver of any right to object. Indeed, he specifically called the parties' attentions to Rules 6 and 72 of the Federal Rules of Civil Procedure, and Title 28, United States Code, Section 636(b)(1). (Dkt. #26). As noted, no objections have been filed to date and no requests for extensions of time have been made. Having received clear notice of the consequences of remaining silent, Plaintiff has waived its right to object to the Report or to obtain appellate review.

In any event, a review of the Report for clear error finds none. The Report is firmly supported by fact and law. It correctly finds that Plaintiff, a LLC, cannot proceed pro se, and that when a LLC fails to retain counsel a case may be dismissed for failure to prosecute. (Dkt. #26 at 3 (collecting

cases)). Judge Pitman provided Plaintiff with more than two-and-one-half months to retain new counsel. During this time, Plaintiff was warned multiple times that if it did not retain new counsel, this action would be dismissed for failure to prosecute. Despite these admonishments, Plaintiff neither retained counsel by the required time, nor sought an extension from the Court in order to do so. Accordingly, the Court adopts the Report in its entirety.

## IV. Conclusion

Having adopted the Report in full, this case is dismissed with prejudice for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: July 26, 2013
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge